# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN DAVID NOAH, | ) |
| Petitioner, | ) |
| v. | ) Case No. CIV 11-431-FHS-KEW |
| JUSTIN JONES, DOC Director, | ) |
| Respondent. | ) |

## OPINION AND ORDER

This action is before the court on the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus as barred by the statute of limitations. Petitioner, an inmate in the custody of the Oklahoma Department of Corrections who is incarcerated at Davis Correctional Facility in Holdenville, Oklahoma, attacks his convictions in McCurtain County District Court Case No. CF-2005-618 for Murder in the First Degree (Count 1) and Manslaughter in the First Degree (Killing an Unborn Quick Child) (Count 2).

The respondent alleges the petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244(d). The following dates are pertinent to the motion to dismiss:

| | |
|---|---|
| 05/21/2008 | Petitioner's direct appeal was affirmed in *Noah v. State*, No. F-2007-363 (Okla. Crim. App. May 21, 2008). |
| 08/19/2008 | Petitioner's conviction became final upon expiration of the ninety-day period for a certiorari appeal to the United States Supreme Court. |
| 08/07/2009 | Petitioner filed an application for post-conviction relief in the McCurtain County District Court. |
| 11/14/2011 | The denial of petitioner's application for post-conviction relief was affirmed in *Noah v. State*, No. PC-2011-771 (Okla. Crim. App. Nov. 14, 2011). |
| 12/02/2011 | Petitioner filed this petition for a writ of habeas corpus through counsel. |

Section 2244(d) provides that:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Petitioner's convictions became final on August 19, 2008, ninety days after the Oklahoma Court of Criminal Appeals (OCCA) affirmed his conviction on direct appeal. *See Fleming v. Evans*, 481 F.3d 1249, 1257-58 (10th Cir. 2007); *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. Jan. 31, 2001) (holding that a conviction becomes final for habeas purposes when the 90-day period for filing a petition for a writ of certiorari to the United States Supreme Court has expired). Therefore, his deadline for filing a federal petition for a writ of habeas corpus was August 19, 2009. *See* 28 U.S.C. § 2244(d)(1)(A).

Pursuant to 28 U.S.C. § 2244(d)(2), the statute of limitations is tolled while a properly-filed application for post-conviction relief or other collateral review of the judgment at issue is pending. Petitioner filed a post-conviction application regarding his convictions on August 7, 2009, and the OCCA affirmed the denial of relief on November 14, 2011. Therefore, his deadline for filing this habeas action was extended for the two years and 100

2

days the post-conviction proceedings were pending. The deadline for filing this petition was November 27, 2011, which was a Sunday, so it was due on November 28, 2011. The petition, filed on December 2, 2011, was untimely.

Petitioner admits in his response to the motion to dismiss that the petition was filed late, but argues he is entitled to four days of equitable tolling, because his counsel mistakenly believed the Court of Criminal Appeals affirmed the convictions and sentences on May 28, 2008, instead of the actual date of May 21, 2008. Counsel had relied on the McCurtain County District Court's docket sheet for petitioner's case, which indicated the Summary Opinion affirming petitioner's Judgment and Sentence was docketed in that court on May 28, 2008. This court notes that the OCCA's online docket sheet for Case No. F-2007-363 indicates the Summary Opinion affirming petitioner's convictions and the mandate were issued on May 21, 2008. *See* http://www.oscn.net.

Equitable tolling of § 2244(d)(1)'s one-year statute of limitations is available "only in rare and exceptional circumstances." *York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, ___ U.S. ___, 130 S.Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. at 418 (2005)) (internal quotation marks omitted). The *Holland* court, however, noted that "a garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline, does not warrant equitable tolling." *Holland*, 130 S.Ct. at 2564 (internal citations and quotation marks omitted).

Petitioner argues the specific circumstances of his case warrants consideration of equitable tolling. Petitioner's mother allegedly had conversations with habeas counsel concerning the statute of limitations and the fact that there was little time for filing a petition. Counsel asserts he reassured petitioner's mother that the filing deadline was December 3, 2011, based on the date from the McCurtain County District Court docket sheet. Counsel

apparently believed he had filed the petition a day early on December 2, 2011.

After careful review the court finds petitioner has not demonstrated he is entitled to equitable tolling of the statute of limitations. While there does not appear to be a lack of diligence in petitioner's pursuit of his rights, habeas counsel's miscalculation of the filing deadline was not an extraordinary circumstance that prevented the timely filing of the petition. *See Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007) ("Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel.").

**ACCORDINGLY,** respondent's motion to dismiss time barred petition [Docket No. 9] is GRANTED, and this action is, in all respects, DISMISSED.

IT IS SO ORDERED this 30th day of July, 2012.

Frank H. Seay
United States District Judge